NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIU ZHU ZHANG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-73597<br><br>Agency No. A088-103-903<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Liu Zhu Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies in Zhang's testimony regarding his house church attendance in China, inconsistencies between his testimony and documentary evidence regarding his church attendance in the United States, and his non-responsive and evasive demeanor. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zhang's CAT claim fails because it is based on the same evidence that was found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he will be tortured by or with consent or acquiescence of the Chinese government. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

2